UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**THEODORE SMITH (#313084)**               **CIVIL ACTION**

**VERSUS**                                  **NO. 25-955-BAJ-RLB**

**MSGT. DUMAS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 6, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE SMITH (#313084)                                    CIVIL ACTION

VERSUS                                                      NO. 25-955-BAJ-RLB

MSGT. DUMAS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Elayn Hunt Correctional Center, St. Gabriel Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants complaining that his constitutional rights were violated due to the handling of his legal mail. He seeks monetary and injunctive relief.

### 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### Plaintiff's Allegations

In his Complaint Plaintiff alleges the following: Defendants are, contrary to department regulations, delaying the processing of incoming and outgoing legal mail. Due to the current mail procedures, Plaintiff cannot prove the day he mailed a legal document, and the defendants sometimes remove the postage meter stamp from the envelope. Defendants' actions are intended to cause the plaintiff's pleadings to be time barred. Due to the defendants' actions, the plaintiff's application for post-conviction relief was deemed untimely.

### Denial of Access to the Courts

In order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that has he suffered some cognizable legal prejudice or detriment as a result of the defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996). In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so. *See Herrington v. Martin,* 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation

stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983").

Finally, an inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights. *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997). Therefore, because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," *Christopher v. Harbury,* 536 U.S. 403, 415 (2002), "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Id.*

In the instant matter, the plaintiff alleges that his application for post-conviction relief was denied as untimely due to the defendants' handling of his legal mail. First, the plaintiff has not alleged anything other than a conclusory allegation that the conduct of the defendants was intentional. Moreover, the plaintiff cannot show that he was attempting to assert a non-frivolous claim.

Under Louisiana law, an application for post-conviction relief is untimely if filed more than two years after the judgment of conviction and sentence have become final. *See* Louisiana Code of Criminal Procedure article 930.8(A). As noted by the Eastern District when considering the plaintiff's habeas petition, the plaintiff's conviction became final on March 15, 2002. *See Smith v. Cain, et al.,* 07-cv-02727 (E.D. La.) at Record Document 34. As such, any recent post-conviction filings at issue in this case are, without a doubt, untimely no matter when mailed for approximately 20 years. Furthermore, the state appellate courts have repeatedly ruled that the plaintiff's various applications for post-conviction relief were untimely, and that the plaintiff was procedurally barred from seeking post-conviction relief. *See*, for example, S*tate ex rel. Smith v. State,* 2005-1860 (La. 3/24/06), 925 So.2d 1224 (time-barred and repetitive); *State v. Smith*,

2013-0904 (La. App. 1 Cir. 7/29/13), 2013 WL 12120773 (untimely); *State v. Smith*, 2014-1499 (La. App. 1 Cir. 11/19/14), 2014 WL 12570081(untimely and procedurally barred); and *State ex rel. Smith v. State*, 2015-0018 (La. 10/30/15), 178 So.2d 131 (untimely).

As such, to the extent the plaintiff complains now of any recent application for post-conviction relief that was denied as untimely, it would be yet another instance of the state court recognizing it as untimely and procedurally barred, irrespective of the mailing procedures of Elayn Hunt Correctional Center. Additionally, Louisiana state courts routinely employ the "mailbox rule." The "mailbox rule" states that a *pro se* prisoner's petition for judicial review is deemed filed at the time it was delivered to the prison authorities for forwarding to the district court. B*ourque v. Louisiana Department of Public Safety & Corrections*, 2016-1342 (La. App. 1st Cir. 4/12/17), 218 So. 3d 1041, 1043. The date of delivery to prison authorities for mailing is generally determined by the date on the inmate's request for legal/indigent mail or the date the pleading was signed by the inmate. Therefore, it is of no consequence to the inmate if his prison mail is not promptly handled as the date the pleading was actually mailed is not necessarily the date the pleading is deemed filed.

Accordingly, the plaintiff cannot show he suffered an injury by being shut out of Court because he was not attempting to file a non-frivolous claim. Plaintiff should be well aware by this time that his post-conviction claims have been untimely for a number of years. Nor has the plaintiff sufficiently alleged any intentional conduct on the part of any defendant. As such, the plaintiff has failed to state a claim for denial of access to the court.

**Failure to Follow Prison Rules or Regulations**

As to plaintiff's complaints that the defendants are failing to follow department regulations pertaining to mail handling, the failure of prison officials to follow prison rules or

regulations does not amount to a violation of Plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). As such, the plaintiff has failed to state a claim in this regard.

## Supplemental Jurisdiction

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on November 6, 2025.

                                                   **RICHARD L. BOURGEOIS, JR.**
                                                   **UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."